UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JONI EADES AND LEVERE C. PIKE, JR.,

                              Plaintiffs,

      v.                                           Civil Action No. _____

KENNEDY, PC. LAW OFFICES.,

                              Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Joni Eades, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff, Levere C. Pike, Jr., is a natural person residing in the County of Chautauqua and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant, Kennedy, P.C. Law Offices, is a corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff Levere C. Pike, Jr.'s wife incurred a debt to HCF of Corry, Inc. d/b/a Corry Manor.  This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That upon information and belief Defendant was employed by Corry Manor to collect on the subject debt.

13. That on or about October 2010, Plaintiff Levere C. Pike, Jr.'s wife was admitted to Corry Manor for rehab for a surgical procedure on her hip.

14. In or about December 2010, after Ms. Pike was already admitted to Corry Manor, Plaintiff Levere C. Pike, Jr. was informed by Corry Manor that he had to enter into an admission agreement in order for his wife to remain at the Corry Manor nursing facility.

15. This admission agreement stated that in exchange for nursing care provided to Ms. Pike, Plaintiff Levere C. Pike, Jr. promised to use Ms. Pike's assets to pay for the care provide to her.

16. In or about January 2011, Plaintiff Levere C. Pike, Jr.'s wife passed away during her residence at Corry Manor.

17. At the time of her passing, Corry Manor alleged that there was an outstanding balance of $7,996.76 for Ms. Pike's treatment

18. On or about December 14, 2011, Defendant, on behalf of Corry Manor, filed a lawsuit against Plaintiffs in the State of Pennsylvania, Erie County Court of Common Pleas alleging that they were responsible for the alleged outstanding balance for Ms. Pike's treatment.

19. That Plaintiff Joni Eades does not reside nor ever never resided in Pennsylvania.

20. That Plaintiff Joni Eades never agreed to be responsible for any medical debt of her mother, Ms. Pike.

21. That Plaintiff Joni Eades never entered into any agreement with Defendant's client, Corry Manor.

22. That Plaintiff Levere C. Pike, Jr., at the time of the lawsuit brought by Defendant on behalf of Corry Manor, did not reside in Pennsylvania.

23. That Plaintiff Levere C. Pike, Jr. never agreed to be responsible for any medical debt of his wife, Ms. Pike.

24. That Plaintiff never withheld or misappropriated any of his wife's assets in efforts to not pay the alleged balance stated as due and owing by Corry Manor.

25. That pursuant to the admission agreement entered into by Plaintiff Levere C. Pike, Jr. and Corry Manor, any legal dispute shall be resolved through arbitration.

26. That Defendant improperly filed, on behalf of Corry Manor, a lawsuit against Plaintiffs in the State of Pennsylvania, Erie County Court of Common Pleas alleging that they were responsible for the alleged outstanding balance for Ms. Pike's treatment.

27. That Defendant called Plaintiff Joni Eades and stated to her that if the alleged subject debt was not paid, that they would put a lien on her father's home and garnish her wages. Joni Eades informed them that she was not responsible for her mother's medical bills to which the Defendant replied "services were provided, the bill needs to be paid and you are responsible."

28. That as a result of Defendants acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.


### V. CAUSE OF ACTION

29. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above.

30. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692e4 by stating to Plaintiff Joni Eades that they would garnish her wages if she did not pay the alleged subject debt.

   B. Defendant violated 15 U.S.C. §1692f and. §1692f1 by stating to Plaintiff Joni Eades that she was responsible for her mother's medical bill.

   C. Defendant violated 15 U.S.C. §1692f6 by stating that they would place a lien on Plaintiff Levere C. Pike, Jr.'s home if the alleged subject debt was not paid.

3

    D.  Defendant violated 15 U.S.C. §1692e, §1692e2, §1692e5, §1692e10, and 15 U.S.C. §1692f1 by improperly filing on behalf of Corry Manor, a lawsuit against Plaintiffs in the State of Pennsylvania, Erie County Court of Common Pleas alleging that they were responsible for the alleged outstanding balance for Ms. Pike's treatment.

31. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a)  Actual damages;

    (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: December 13, 2012

/s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com

4