UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JONI EADES and LEVERE C. PIKE, JR.                Docket No.: 12-cv-6680

                                          Plaintiffs,

                -against-

KENNEDY, PC LAW OFFICES,

                                          Defendant.

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S KENNEDY, PC LAW OFFICES MOTION TO DISMISS THE COMPLAINT

On the Brief:

    John H. Somoza (JHS 1801)
    Kira Tsiring (KT 3436)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................... I

ALLEGATIONS OF THE COMPLAINT ...................................................... 1

POINT I ................................................................................................................2

STANDARD ON A MOTION TO DISMISS ................................................2

POINT II

PLAINTIFFS' COMPLAINT FAILS TO STATE
A CAUSE OF ACTION FOR VIOLATIONS OF THE
FEDERAL FAIR DEBT COLLECTION PRACTICES ACT .....................3

    A.   *Plaintiffs' Allegations Regarding Defendant's Attempts*
    *to Recover Money From Plaintiff Ms. Eades*
    *Do Not Plead a Cause of Action for Violation of FDCPA* ............................3

    B.   *Plaintiffs' Allegations Regarding Defendant's Filing of a*
    *Lawsuit against Plaintiff Mr. Pike Do Not*
    *Plead a Cause of Action for Violation of FDCPA* ........................................6

POINT III

THE COURT LACKS PERSONAL
JURISDICTION OVER THE DEFENDANTS ...............................................8

POINT IV

THE COURT SHOULD DISMISS THE ACTION
BECAUSE IT WAS NOT BROUGHT IN A PROPER VENUE ................12

CONCLUSION ....................................................................................................13

## TABLE OF AUTHORITIES

Adymy v. Erie County Child Support Enforcement Unit,
2006 WL 1174322 [WDNY May 2, 2006]............................................................5

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
171 F.3d 779, 791 (2d Cir.1999) ...................................................................10

Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir.1997).............................................8

Care Environmental Corp v. M2 Technologies, Inc.,
2006 WL 148913 (E.D.N.Y. 2006) ...................................................................3

CMNY Capital, L.P. v. Perry, 1998 WL 132846, at *7-8 (S.D.N.Y. Mar.23, 1998)........10

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ..................................................................3

DiStefano v. Carozzi North American Inc., 286 F.3d 81, 84 (2d Cir.2001) ......................8

Health Care & Retirement Corp. of Am. v Pittas, 2012 PA Super 96, 46 A3d 719, 720
[Pa Super Ct 2012]...........................................................................................5

Hermann v. Sharon Hosp., Inc.,
135 A.D.2d 682, 683, 522 N.Y.S.2d 581, 583 (2d Dep't 1987) ........................11

Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir.1990) ......................................................11

Patterson v. Xerox Corp., 732 F Supp 2d 181, 188 [WDNY 2010]....................................2

Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir.1994)....................8

Scott v. McCarthy, 2007 WL 1345487 (N.D.N.Y. 2007) ..................................................2

Sec. Nat. Bank v. Ubex Corp., 404 F.Supp. 471, 474-75 (S.D.N.Y.1975) .......................10

Smith v. AVSC Int'l, Inc., 148 F. Supp. 2d 302, 307 (S.D.N.Y. 2001) .............................3

United Bank of Kuwait v. James M. Bridges, Ltd.,
766 F.Supp. 113, 116 (S.D.N.Y.1991) ...........................................................11

Walter v. Fischer, 391 Fed. Appx. 991, 992 (2d Cir. 2010)...............................................3

Whitaker v. American Telecasting, Inc. 261 F.3d 196, 208-09, (2d Cir.2001)................10

## Statutes

§ 302(a)(3) ...............................................................................................10, 11

§1692f1 ..............................................................................................................2

12 Pa.C.S. §5101 ..............................................................................................4

15 U.S.C §1692e4 ..............................................................................................2

15 U.S.C. § 1692 ................................................................................................3

15 U.S.C. § 1692e, §1692e2, §1692e5, §1692e10 and 15 U.S.C. §1692f1............2

15 U.S.C. §1692f ...............................................................................................2

15 U.S.C. §1692f6 ..............................................................................................2

15 U.S.C.A. § 1692 ............................................................................................4

15 USCA § 1692a ...............................................................................................4

15 U.S.C. § 1692e ..............................................................................................7

15 USCA § 1692f ...............................................................................................7

28 U.S.C. 1391(b) ............................................................................................12

23 Pa Cons Stat Ann § 4603 .............................................................................5

23 Pa. C.S.A. § 4603 ......................................................................................4, 5

N.Y. C.P.L.R. § 302(a)(3) ...............................................................................11

N.Y. C.P.L.R. § 302(a)(3)(ii) ..........................................................................12

N.Y.C.P.L.R. § 302 (A) .....................................................................................9

N.Y.C.P.L.R. § 302 (A)(3) ..............................................................................10

N.Y.C.P.L.R. § 302(a)(3) .................................................................................11

N.Y.C.P.L.R. § 302(a)(3)(i) .............................................................................11

Fed. R. Civ. P 12(b)(2)........................................................................................8

Fed. R. Civ. P. 4(k)(1)(A)....................................................................................8

## **PRELIMINARY STATEMENT**

Defendant, Kennedy, PC Law Offices ("defendant" or "Kennedy") submits this Memorandum of Law in support of its motion pursuant to Rules 12(b)(2), (3), and (6) of the Federal Rules of Civil Procedure ("FRCP") for an Order dismissing plaintiffs' Complaint and each cause of action stated therein as to it: (i) for failure to state a cause of action; (ii) due to Court's lack of personal jurisdiction over defendant; and (iii) because the action was brought in improper venue.

## **ALLEGATIONS OF THE COMPLAINT**

Plaintiffs submit a four page Complaint wherein they allege that the defendant violated various sections of the Fair Debt Collection Practices Act ("FDCPA" or the "Act"). (A copy of the Complaint is attached to the Affirmation of Kira Tsiring, dated February 19, 2013 ["Tsiring Aff."] as Exhibit "A").

Plaintiffs allege that Mr. Pike's wife and Ms. Eades' mother - Mrs. Pike was a resident of Corry Manor - a nursing home Facility ("Corry Manor" or "Facility") located in Pennsylvania. While Mrs. Pike was a resident of the Facility, Mr. Pike entered into a certain agreement with the Facility (the "Contract") in order for his wife to continue her residence at the Facility. Plaintiff Joni Eades is not alleged to have entered into any agreement.

When Mr. Pike's wife died, there remained an outstanding balance of approximately $8,000 owed to the Facility. Plaintiffs allege that defendant, on behalf of the Facility, instituted an action against Mr. Pike and Ms. Eades in Pennsylvania State Court for the collection of the moneys owed to the Facility (the "Lawsuit") (A copy is attached as Exhibit "B" to Tsiring Aff.). Neither the Contract nor the Lawsuit which

plaintiffs allege violates the FDCPA is attached to plaintiffs' Complaint. The Complaint also alleges that during a single phone call between Ms. Eades and the defendant (the time for which is not specified), defendant stated to Ms. Eades that if the Facility's bill was not paid it would garnish Ms. Eades' wages and put a lien on Mr. Pike's home. The above allegations form the basis of this FDCPA action.

Plaintiffs' allege that defendant violated the following sections of the Act through its conduct: (i) 15 U.S.C §1692e4 by orally stating to Ms. Eades that it would garnish her wages if she did not pay the alleged subject debt; (ii)15 U.S.C. §1692f and §1692f1 by orally stating to Ms. Eades that she was responsible for her mother's medical bill; (iii) 15 U.S.C. §1692f6 by stating to Ms. Eades that they would place a lien on Mr. Pike,'s home if the facility's bill was not paid; and (iv) 15 U.S.C. § 1692e, §1692e2, §1692e5, §1692e10 and 15 U.S.C. §1692f1 by improperly filing the Lawsuit in the State of Pennsylvania alleging that plaintiffs were responsible to pay the Facility's bill.

## POINT I

### STANDARD ON A MOTION TO DISMISS

A dismissal under Rule 12(b)(6) is a determination that the plaintiff has failed to state a claim upon which relief may be granted. See, Scott v. McCarthy, 2007 WL 1345487 (N.D.N.Y. 2007); Patterson v. Xerox Corp., 732 F Supp 2d 181, 188 [WDNY 2010]. At a bare minimum, the operative standard requires the plaintiffs to provide the grounds upon which their claim rests through factual allegations sufficient to raise a right to relief above the speculative level. Patterson v. Xerox Corp., 732 F Supp 2d 181, 188 [WDNY 2010]. A Complaint should be dismissed if the Court finds that the plaintiff's

claims are barred as a matter of law.  Care Environmental Corp v. M2 Technologies, Inc.,

2006 WL 148913 (E.D.N.Y. 2006).

Specifically, an action will be dismissed when "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claims which would entitle him to

relief." Smith v. AVSC Int'l, Inc., 148 F. Supp. 2d 302, 307 (S.D.N.Y. 2001) quoting,

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While taking the allegations of the Complaint as true, a Court ruling on a Rule

12(b)(6) motion should assess the legal feasibility of the Complaint and dismiss the

Complaint if from the four corners of the Complaint no feasible cause of action can be

gleaned.  See, Walter v. Fischer, 391 Fed. Appx. 991, 992 (2d Cir. 2010).   As discussed

below, defendant's conduct falls outside the scope of FDCPA and thus not actionable.

Further, Plaintiffs provide no basis for this Court having personal jurisdiction over

Defendant and the venue selected by Plaintiffs is improper.

### POINT II

### PLAINTIFFS' COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

A.  *Plaintiffs' Allegations Regarding Defendant's Attempts to Recover Money From Plaintiff Ms. Eades Do Not Plead a Cause of Action for Violation of FDCPA*

The Complaint alleges violations by defendant of the FDCPA, 15 U.S.C. § 1692

et. seq. in its attempts to obtain payment from Ms. Eades.  Ms. Eades claims that by

communicating with her and bringing the Lawsuit defendant violated the FDCPA.

However, in order for the FDCPA to apply, the complained of actions taken by

defendant must be done in the course of its attempt to collect a debt as that term is

defined by the Act.  15 U.S.C.A. § 1692.  Such is not the case here.  The term "debt" is

defined within the Act as:

> **any obligation or alleged obligation of a consumer to pay money
> arising out of a transaction in which the money, property, insurance,
> or services which are the subject of the transaction are primarily for
> personal, family, or household purposes, whether or not such
> obligation has been reduced to judgment.**

15 USCA § 1692a.

The complaint filed by defendant in the Lawsuit contained two causes of action

against Ms. Eades for violations of the following Pennsylvania statutes: (i) 23 Pa. C.S.A.

§ 4603 and (ii) 12 Pa.C.S. §5101.  Any attempt to recover money under these statutes would

not be within the purview of the Act.

12 Pa.C.S. §5101, known as the Pennsylvania Uniform Fraudulent Transfer Act,

allows a creditor to obtain a return of a property from a third-party to satisfy an obligation

owed by the debtor to the creditor if the property was unlawfully transferred to that party.  In

this case, the Facility sought to establish that Mrs. Pike wrongfully transferred her property to

her daughter and husband so that she would be unable to meet her obligations to pay the

Facility for its services.  Such an action under the statute to furnish asset to the creditor

clearly does not seek from plaintiffs to recover money arising from a transaction where

services for personal purposes were provided to plaintiffs as no services were provided to

either plaintiff in this action.  Thus, the Lawsuit merely seeks recovery of money wrongfully

transferred to plaintiffs by the debtor and is not an action for the collection of a debt, as that

term is defined by FDCPA.

The second statute under which plaintiffs were sued - 23 Pa. C.S.A. § 4603 - states that a spouse, parents and/or children of an indigent person are responsible for that person's support.  The Statute in relevant part states:

**(a) Liability.—**

**(1) Except as set forth in paragraph (2), all of the following individuals have the responsibility to care for and maintain or financially assist an indigent person, regardless of whether the indigent person is a public charge:**
**(i) The spouse of the indigent person.**
**(ii) A child of the indigent person.**
**(iii) A parent of the indigent person.**

\*            \*            \*

**(c) Procedure.--A court has jurisdiction in a case under this section upon petition of:**
**(1) an indigent person; or**
**(2) any other person or public body or public agency having any interest in the care, maintenance or assistance of such indigent person.**

23 Pa Cons Stat Ann § 4603.[1]  As can be seen from the language of this statute, the statute is meant to provide **support** for an indigent person and not to collect any debt as that term is defined in the FDCPA.  In fact, a Pennsylvania Court discussing an action similar to the one which was instituted by defendant and is the subject of this pending lawsuit, referred to the action as a "filial support action" – not a debt collection action.  See Health Care & Retirement Corp. of Am. v Pittas, 2012 PA Super 96, 46 A3d 719, 720 [Pa Super Ct 2012], reargument denied (July 18, 2012).  In that action a nursing home sued a patient's child to obtain payment of the nursing home fees, which remained outstanding at the time of the patient's discharge.  Id.

---

[1] The statute is contained in the "Support of the Indigent" chapter of the Domestic Relations title of the Pennsylvania Statutes.

A proceeding under this statute is similar to a proceeding for the collection of a child support obligation. Courts throughout this Country have unanimously held that child support obligations are not a "debt" covered by the FDCPA. See, Adymy v Erie County Child Support Enforcement Unit, 2006 WL 1174322 [WDNY May 2, 2006] where the Court held that child support is not a "debt" as the term is defined by the Act and thus any acts taken in an effort to collect a child support obligation would fall outside the purview of FDCPA. The Adymy Court also cited cases from various jurisdictions in the United States, including a Fourth Circuit Court of Appeals decision, which have uniformly held that actions for collection of child support obligations are not actions for a collection of a debt as defined in the FDCPA and not subject to FDCPA regulations. Since any action to collect payment under the Pennsylvania support statute is an attempt to collect on a statutory support obligation, it falls outside of the scope of what is defined as an action for a collection of a debt in the FDCPA and thus it is not subject to FDCPA's regulations.

All of the actions by defendant in communicating with Ms. Eades as well as bringing the Lawsuit against Ms. Eades were solely pursuant to the above-described Pennsylvania statutes. Defendant's acts were not done in an attempt to collect a "debt" as the term is defined under the FDCPA. Thus, defendant's conduct is not actionable under the FDCPA.

**B.**     ***Plaintiffs' Allegations Regarding Defendant's Filing of a Lawsuit against Plaintiff Mr. Pike Do Not Plead a Cause of Action for Violation of FDCPA***

The allegations in the Complaint relating to Mr. Pike state that the defendant violated various sections of FDCPA solely by the filing of the Lawsuit against Mr. Pike

in Pennsylvania and do not allege any conversations with him.  For the same reasons discussed above as to Ms. Eades, defendant's filing of the Lawsuit under the Pennsylvania statutes described above against Mr. Pike does not constitute an action for a collection of a debt and is thus not actionable.

To the extent the additional lone cause of action for breach of contract asserted in the Lawsuit only against Mr. Pike is alleged to be as a claim for the recovery of a "debt" as the term is defined by the FDCPA, Mr. Pike nonetheless has failed to allege how that cause of action in the Lawsuit violated any of the provisions of the FDCPA.

Mr. Pike claims the following sections of the Act were violated:

**15 U.S.C. § 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

                    *                    *                    *

**(2) The false representation of--**
**(A) the character, amount, or legal status of any debt; or**
**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

                    *                    *                    *

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

                    *                    *                    *

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**15 USCA § 1692f Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general**

**application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

The only possible "representations" that were made would have been contained in the Lawsuit as plaintiffs do not allege any communications between Mr. Pike and defendant. As discussed above, under the Pennsylvania statutes defendant was entitled under Pennsylvania law to maintain a lawsuit against plaintiffs for the payment of services provided by the Facility to Mrs. Pike. Similarly, defendants lawfully brought an action to enforce the Contract, since under the Contract (contained within Exhibit "B" to Tsiring Aff.), Mr. Pike was responsible for the payment of Facility's fees. Thus, plaintiffs fail to plead how defendant's actions were false, misleading or wrongful. In fact, in his Answer to the Complaint in the Lawsuit, Mr. Pike **admits** that he failed to use Mrs. Pike's resources to pay the Facility as he was obligated to do under the Contract (Exhibit "C" to Tsiring Aff.). Thus, defendant clearly had grounds to bring the Lawsuit against Mr. Pike and the filing of the Lawsuit to enforce provisions of the Contract cannot be the basis for violations of FDCPA.

### POINT III

### THE COURT LACKS PERSONAL
### JURISDICTION OVER THE DEFENDANTS

Plaintiffs' Complaint should also be dismissed pursuant to Fed. R. Civ. P 12(b)(2), based on this Court's lack of personal jurisdiction because plaintiffs did not allege any facts that could even potentially support a finding of jurisdiction. In a diversity action, the law of the state in which the District Court sits governs personal

jurisdiction over nonresident defendants. See: <u>Fed. R. Civ. P. 4(k)(1)(A)</u>.  It is alleged that defendant is a Pennsylvania resident.  In assessing whether personal jurisdiction is authorized, the Court must look first to the long-arm statute of the forum state.  <u>Bensusan Rest. Corp. v. King,</u> 126 F.3d 25, 27 (2d Cir.1997).  While plaintiffs are New York residents, the Complaint reveals that defendant is a Pennsylvania resident who lacks sufficient ties to New York to be subject to New York's long-arm jurisdiction.

When served with a Rule 12(b)(2) motion to dismiss, plaintiffs bear the burden of establishing that the Court has jurisdiction over the defendant.  <u>DiStefano v. Carozzi North American Inc.</u>, 286 F.3d 81, 84 (2d Cir.2001); <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 507 (2d Cir.1994).

**New York State's long arm statute, governing the Court's jurisdiction over non-residents states:**

> **As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:**
>
> **1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or**
>
> **2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or**
>
> **3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he**
>
> **(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or**
>
> **(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from the interstate or international commerce; or**

**4. owns, uses or possesses any real property situated within the state.**

N.Y.C.P.L.R. § 302 (A)

The statute confers specific jurisdiction, meaning that the cause of action must arise out of defendants' state-connected activity.

Plaintiffs' complaint alleges that Pennsylvania defendants sued plaintiffs in Pennsylvania under a Pennsylvania statue. Plaintiffs allege that such conduct violated the FDCPA. Thus, plaintiffs' claims arise from a statutory violation and not any tortuous conduct on the part of defendant. Plaintiffs make no allegations that defendant owns any property in New York or that it transacts any business within New York. Thus, plaintiffs failed to plead any acts that would confer jurisdiction on this Court over non-domiciliary defendants and the action must be dismissed on this ground as well.

To the extent statutory violations can be considered a commission of a tort, the Court still lacks personal jurisdiction over defendant. The basis of plaintiffs' action is that defendants filed a lawsuit against them in Pennsylvania. Thus, to the extent alleged violations of the FDCPA could be considered a tort, the only possible section under which defendants would be subject to New York's long-arm jurisdiction is N.Y.C.P.L.R. § 302 (A)(3), which addresses tortious acts committed outside New York causing injury in New York. However, N.Y.C.P.L.R. § 302 (A)(3) does not confer jurisdiction on this Court over defendant. The filing of a lawsuit in Pennsylvania under a Pennsylvania statute, which allegedly affected plaintiff in New York, is not, by itself, sufficient to confer jurisdiction on the Court over defendants. See, Sec. Nat. Bank v. Ubex Corp., 404 F.Supp. 471, 474-75 (S.D.N.Y.1975) (no jurisdiction where injury existed in New York solely because of plaintiff's domicile there); CMNY Capital, L.P. v. Perry, 1998 WL

132846, at *7-8 (S.D.N.Y. Mar.23, 1998) (no jurisdiction with respect to tort claims, including fraud, based on failure to share proceeds from sale of Rhode Island radio stations).

As explained by the Second Circuit in interpreting the New York Statute: [C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury." ' Whitaker v. American Telecasting, Inc. 261 F.3d 196, 208-09, (2d Cir.2001) (citing, Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 791 (2d Cir.1999) (citation omitted)). "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." Id. (citing, Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir.1990) (internal citation/quotations omitted)) (where plaintiff lived in New York and sued his New Jersey employer for wrongful discharge, situs of injury was location of events which caused injury, i.e., New Jersey, not place where economic consequences were felt, i.e., New York); see also, Hermann v. Sharon Hosp., Inc., 135 A.D.2d 682, 683, 522 N.Y.S.2d 581, 583 (2d Dep't 1987) (in medical malpractice action, situs of injury was place where plaintiff received medical treatment, not where the effects of the doctor's negligence were felt). "The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." Id. (citing United Bank of Kuwait v. James M. Bridges, Ltd., 766 F.Supp. 113, 116 (S.D.N.Y.1991).

Plaintiffs' allegations in his Complaint make clear that the event which allegedly

caused them injury was defendant's filing a lawsuit in Pennsylvania.  Since the lawsuit was in Pennsylvania, the "situs-of-injury" is Pennsylvania, not New York. Thus, there is no personal jurisdiction under N.Y.C.P.L.R. § 302(a)(3), as the defendant's allegedly tortious acts were committed outside the State of New York and did not cause any injury to plaintiffs within the State of New York.

Additionally, plaintiffs fail to allege that defendant derives "substantial revenue" from New York or otherwise engage in a "persistent course of conduct" in New York. N.Y.C.P.L.R. § 302(a)(3)(i). Furthermore, plaintiffs fail to allege that defendant expected, or had any reason to expect, that its acts of suing plaintiffs in Pennsylvania would have any foreseeable consequences whatsoever in the State of New York. See N.Y. C.P.L.R. § 302(a)(3)(ii).  As such, plaintiffs fail to allege facts giving rise to *in personam* jurisdiction pursuant to N.Y. C.P.L.R. § 302(a)(3) and this action should be dismissed based on the Court's lack of personal jurisdiction over defendant.

## POINT IV

### THE COURT SHOULD DISMISS THE ACTION
### BECAUSE IT WAS NOT BROUGHT IN A PROPER VENUE

28 U.S.C. 1391(b) states that a civil action may be brought in:

**(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;**
**(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or**
**(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.**

12

Here, defendant is a Pennsylvania resident and the substantial part of events - i.e. the filing of the Lawsuit took place in Pennsylvania. Thus, the lawsuit was not brought in the proper venue and should be dismissed.

## CONCLUSION

Based on the foregoing, it is respectfully requested that plaintiff's Amended Complaint be dismissed in its entirety.

Dated:   New York, New York
         February 19, 2013

Yours etc.,

MELITO & ADOLFSEN P.C.

By:

John H. Somoza, Esq. (JHS 1801)
Kira Tsiring, Esq. (KT 3436)
*Attorneys for Defendant*
*Kennedy P.C. Law Offices*
233 Broadway, Suite 1010
New York, NY  10279-0118
(212) 238-8900

98663/0344/392

13

## AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL

CITY OF NEW YORK )
                              ) ss.:
COUNTY OF NEW YORK )

      JANINA MATYS, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at BROOKLYN, NEW YORK.

      That on 19th day of February, 2013 deponent served the within **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** upon:

Seth J. Andrews, Esq.
THE LAW OFFICES OF KENNETH HILLER, PLLC
6000 North Bailey Ave., Suite 1A
Amhurst, New York 14226

*Attorneys for* Plaintiff in this action, at the above address designated by said *attorneys* for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                          _____
                                          JANINA MATYS

Sworn to before me this
19th day of February, 2013

_____
Notary Public

KIRA TSIRING
Notary Public, State of New York
No. 02TS6185561
Qualified in Kings County
Commission Expires April 21, 2016

98663/0344/392

i