UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---

JONI EADES and LEVERE C. PIKE, JR.         Docket No.: 12-cv-6680

                                    Plaintiffs,

         -against-

KENNEDY, PC LAW OFFICES,

                                    Defendant.
---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S KENNEDY, PC LAW OFFICES MOTION TO DISMISS THE
COMPLAINT AND IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND**

On the Brief:

    John H. Somoza (JHS 1801)
    Kira Tsiring (KT 3436)

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

ALLEGATIONS OF THE COMPLAINT AND
THE PROPOSED AMENDED COMPLAINT ..........................................................................1

    A.   The Complaint .................................................................................................................1

    B.   The Proposed Amended Complaint ................................................................................2

POINT I

PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED
AND THE ACTION DISMISSED ..............................................................................................3

POINT II

PLAINTIFFS' COMPLAINT FAILS TO STATE
A CAUSE OF ACTION FOR VIOLATIONS OF THE
FEDERAL FAIR DEBT COLLECTION PRACTICES ACT......................................................4

    A.   *Plaintiffs' Allegations Regarding Defendant's Attempts*
        *to Recover Money From Plaintiff Ms. Eades*
        *Do Not Plead a Cause of Action for Violation of FDCPA*....................................4

        1.   An Action Brought for Recovery of Assets Under
             12 Pa.C.S. §5101 is not an Action for the Collection
             Of a Debt as the Term is Described under the FDCPA.........................................5

        2.   An Action Brought for Payment Under
             23 Pa. C.S.A. § 4603 is not an Action for the Collection
             Of a Debt as the Term is Defined under FDCPA ..................................................6

    B.   *Plaintiffs' Allegations Regarding Defendant's Filing of a*
        *Lawsuit against Plaintiff Mr. Pike Do Not*
        *Plead a Cause of Action for Violation of FDCPA*.................................................8

POINT III

THE COURT LACKS PERSONAL
JURISDICTION OVER THE DEFENDANTS.........................................................................11

CONCLUSION ..........................................................................................................................13

# TABLE OF AUTHORITIES

**Case**                                                                              **Page**

Adymy v Erie County Child Support Enforcement Unit, 2006 WL 1174322 [WDNY May 2, 2006] ..................................................................8

DiStefano v. Carozzi North American Inc., 286 F.3d 81, 84 (2d Cir.2001) ..................11

Fava v. RRI, Inc., 1997 WL 205336 (N.D.N.Y. 1997) ..............................................13

Health Care & Retirement Corp. of Am. v Pittas, 2012 PA Super 96, 46 A3d 719, 720 [Pa Super Ct 2012]................................................................7

Hollis v Info Pro Tech., 33,606 (La App 2 Cir 2000), 764 So 2d 184, 186, ...............13

Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988]........................................12

Local 802, Associated Musicians of Greater New York v Parker Meridien Hotel, 145 F3d 85, 89 [2d Cir 1998]........................................................................3

Oppenheim v. I.C. System, 627 F3d. 833, 838 (11th Cir. 2010)................................5, 6

Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir.1994)...................11

## STATUTES

Fed. R. Civ. P 12(b)(2) ..............................................................................11

N.Y.C.P.L.R. § 302 (A)............................................................................11, 12

12 Pa.C.S. §5101...............................................................................4, 5, 6

15 U.S.C. § 1692 ......................................................................................4

15 U.S.C.A. § 1692................................................................................4

15 USCA § 1692a..................................................................................4

15 U.S.C. § 1692e.................................................................................9

15 USCA § 1692f.................................................................................9

23 Pa Cons Stat Ann § 4603 ................................................................7, 8

23 Pa. C.S.A. § 4603 ........................................................................4, 6, 10

## PRELIMINARY STATEMENT

Defendant, Kennedy, PC Law Offices ("defendant" or "Kennedy") submits this Memorandum of Law in: (A) further support of its motion pursuant to Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure ("FRCP") for an Order dismissing plaintiffs' Complaint and each cause of action stated therein as to it: (i) for failure to state a cause of action and (ii) due to Court's lack of personal jurisdiction over defendant; and (B) in opposition to Plaintiff's Motion to Amend the Complaint.

## ALLEGATIONS OF THE COMPLAINT AND THE PROPOSED AMENDED COMPLAINT

**A.    The Complaint**

Plaintiffs filed a four page Complaint wherein they allege that the defendant violated various sections of the Fair Debt Collection Practices Act ("FDCPA" or the "Act"). (A copy of the Complaint is attached to the Affirmation of Kira Tsiring in support of Defendant's Motion to Dismiss, dated February 19, 2013 ["Tsiring Aff."] as Exhibit "A")[1].

Plaintiffs allege in their Complaint that Mr. Pike's wife and Ms. Eades' mother - Mrs. Pike was a resident of Corry Manor - a nursing home Facility ("Corry Manor" or "Facility") located in Pennsylvania. (Exh. "A" ¶13) While Mrs. Pike was a resident of the Facility, Mr. Pike entered into a certain agreement with the Facility (the "Contract") in order for his wife to continue her residence at the Facility. (Exh. "A" ¶14) Plaintiff Joni Eades is not alleged to have entered into any contracts.

When Mr. Pike's wife died, there remained an outstanding balance of approximately $8,000 owed to the Facility. (Exh. "A" ¶17) Plaintiffs allege that

---

[1] While Plaintiff's opposition Memorandum of Law includes "Facts of the Case", it is the allegations of the Complaint which govern and not the attorney's summary.

1

defendant, on behalf of the Facility, instituted an action against Mr. Pike and Ms. Eades in Pennsylvania State Court for the collection of the moneys owed to the Facility (the "Lawsuit") (A copy of the Complaint is attached as Exhibit "B" to Tsiring Aff.). Neither the Contract nor the Lawsuit which plaintiffs allege violates the FDCPA is attached to plaintiffs' Complaint or the proposed Amended Complaint.

The Complaint also alleges that during a single phone call between Ms. Eades and the defendant (the time for which is not specified), defendant stated to Ms. Eades that if the Facility's bill was not paid defendant would garnish Ms. Eades' wages and put a lien on Mr. Pike's home. (Exh. "A" ¶27).

The above allegations form the basis of this FDCPA action.

**B.     The Proposed Amended Complaint**

Plaintiff's proposed Amended Complaint contains approximately six new allegations and attaches a communication allegedly sent by defendant to Ms. Eades. Plaintiffs now for the first time claim in the Amended Complaint that certain allegations contained in the Lawsuit are untrue and that one of the Pennsylvania statutes under which plaintiffs were sued is preempted by Federal Law.

The proposed Amended Complaint alleges that defendant served plaintiffs with process in New York and in a conclusory fashion alleges that defendant conducts business in New York. Plaintiffs also now claim in their proposed Amended Complaint that the Contract between Mr. Pike and the facility was preempted by Federal Law and that the lawsuit falsely alleged that plaintiffs were recipients of wrongfully transferred assets. These new allegations do nothing to resurect plaintiffs' legally deficient FDCPA

2

claim. Accordingly, plaintiffs' motion to amend should be denied, defendant's motion to dismiss should be granted and this action dismissed in its entirety.

## POINT I

### PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED AND THE ACTION DISMISSED

While under the Federal Rules, leave to amend a Complaint is freely granted, in considering a motion to amend, the Court should consider such factors as futility of the amendment or its merit. Local 802, Associated Musicians of Greater New York v Parker Meridien Hotel, 145 F3d 85, 89 [2d Cir 1998].

Clearly, plaintiffs seek leave to amend in order bolster their Complaint in response to defendant's motion to dismiss which challenges the sufficiency of plaintiffs' allegations. However, both plaintiffs' initial Complaint and the proposed Amended Complaint fail to plead violations of the FDCPA and the allegations are insufficient to confer on this Court jurisdiction over defendant. For the reasons set forth below, it is respectfully requested that the Court deny plaintiffs leave to amend and dismiss this action.

## POINT II

## PLAINTIFFS' COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

**A.**   *Plaintiffs' Allegations Regarding Defendant's Attempts to Recover Money From Plaintiff Ms. Eades Do Not Plead a Cause of Action for Violation of FDCPA*

The Complaint alleges violations by defendant of the FDCPA, 15 U.S.C. § 1692 et. seq. in its attempts to obtain payment from plaintiff Joni Eades[2]. Ms. Eades claims that by communicating with her and by bringing the Lawsuit defendant violated the FDCPA.

However, in order for the FDCPA to apply, the complained of actions taken by defendant must be done in the course of its attempt to collect a debt as that term is defined by the Act. 15 U.S.C.A. § 1692. Such is not the case here. The term "debt" is defined within the Act as:

> **any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.**

15 USCA § 1692a.

The complaint filed by defendant in the Lawsuit contained two causes of action against Ms. Eades for violations of the following Pennsylvania statutes: (i) 23 Pa. C.S.A. § 4603 and (ii) 12 Pa.C.S. §5101. Any attempt to recover money under these statutes would not be within the purview of the Act.

---

[2] The cause of action asserted by plaintiff Levere C. Pik, Jr. is separately addressed in subpart B, which follows.

Moreover, as the very decision cited by plaintiffs states, "at a minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or other consensual obligation." Oppenheim v I.C. Sys., Inc., 627 F3d 833, 838 [11th Cir 2010]. As plaintiffs concede, there was no consensual relationship between Ms. Eades and the Facility, and thus, the lawsuit brought on behalf of the Facility for recovery of money is not a an action for a collection of the debt regulated by the FDCPA. Plaintiffs cite two cases from Ohio for their position that defendant's actions fall within the purview of the FDCPA. However, in those cases, both brought against the same defendant, there is no mention of a statute which allows for recovery of money at issue. That is not the case in this action, as defendant's efforts to obtain payment were made under a statutory scheme which allowed for such Lawsuit to be brought, not pursuant to any consensual relationship.

> 1. **An Action Brought for Recovery of Assets Under 12 Pa.C.S. §5101 is not an Action for the Collection Of a Debt as the Term is Described under the FDCPA**

12 Pa.C.S. §5101, known as the Pennsylvania Uniform Fraudulent Transfer Act, allows a creditor to obtain a return of a property from a third-party to satisfy an obligation owed by the debtor to the creditor if the property was unlawfully transferred to that party. In this case, the Facility sought to establish that Mrs. Pike wrongfully transferred her property to her daughter and husband so that she would be unable to meet her obligations to pay the Facility for its services. Such an action under the statute to return assets to the debtor so that she has sufficient funds to pay the creditor clearly does not seek from plaintiffs to recover money arising from a transaction where services for personal purposes were provided to plaintiffs - as no services were provided to either plaintiff in this action. Thus, the Lawsuit

merely seeks recovery of money wrongfully transferred to plaintiffs by the debtor and is not an action for the collection of a debt, as that term is defined by FDCPA.

Plaintiffs in their opposition argue that a lawsuit under 12 Pa.C.S. §5101 would qualify as a transaction covered by the FDCPA, relying on <u>Oppenheim v. I.C. System</u>, 627 F3d. 833 (11th Cir. 2010) to support their argument. However, <u>Oppenheim</u> is easily distinguishable from this case. The decision reached in <u>Oppenheim</u> was based solely on the fact that **Oppenheim had a contract with the creditor** regarding the return of funds. The court in Oppenheim specifically distinguished the factual scenario in <u>Oppenheim</u> from two other matters – one in which a bank erroneously credited $20,000 to a client's account instead of the $2,000 the client had actually deposited and then sought a return of the extra deposit, and another, in which where there was a salary overpayment as a result of an accounting error where the return of salary was sought. In those cases, the Courts held that the obligation to return funds and the related collection efforts did not fall within the ambit of FDCPA. <u>Oppenheim v. I.C. System</u>, 627 F3d. 833, 838 (11th Cir. 2010). Just like in those cases, the plaintiffs here do not have a contractual obligation with the Facility to return funds that belonged to Mrs. Pike. Their obligation is statutory in nature. Thus, <u>Oppenheim</u> is inapplicable to the factual scenario at issue in this litigation. The return of funds sought in the Lawsuit is not a proceeding for a return of debt subject to FDCPA regulations.

    2.    **An Action Brought for Payment Under 23 Pa. C.S.A. § 4603 is not an Action for the Collection Of a Debt as the Term is Defined under FDCPA**

The second statute under which plaintiffs were sued - 23 Pa. C.S.A. § 4603 - states that a spouse, parents and/or children of an indigent person are responsible for that person's support. The Statute in relevant part states:

> **(a) Liability.—**
>
> **(1) Except as set forth in paragraph (2), all of the following individuals have the responsibility to care for and maintain or financially assist an indigent person, regardless of whether the indigent person is a public charge:**
> **(i) The spouse of the indigent person.**
> **(ii) A child of the indigent person.**
> **(iii) A parent of the indigent person.**
>
> \*       \*       \*
>
> **(c) Procedure.--A court has jurisdiction in a case under this section upon petition of:**
> **(1) an indigent person; or**
> **(2) any other person or public body or public agency having any interest in the care, maintenance or assistance of such indigent person.**

23 Pa Cons Stat Ann § 4603.³ As can be seen from the language of this statute, the statute is meant to provide **support** for an indigent person and not to collect any debt as that term is defined in the FDCPA. In fact, a Pennsylvania Court discussing an action similar to the one which was instituted by defendant and is the subject of the Lawsuit, referred to the action as a "filial support action" – not a debt collection action. See Health Care & Retirement Corp. of Am. v Pittas, 2012 PA Super 96, 46 A3d 719, 720 [Pa Super Ct 2012], reargument denied (July 18, 2012). In that action a nursing home sued a patient's child to obtain payment of the nursing home fees, which remained outstanding at the time of the patient's discharge. Id.

Plaintiffs argue that a Lawsuit under this statute would still meet the definition of "debt" because the support obligation is different from a "typical" support obligation. However, plaintiffs do not cite a single case for this conclusion. Moreover, contrary to plaintiffs' claims, their obligation to pay would occur irrespective of any alleged

---

³ The statute is contained in the "Support of the Indigent" chapter of the Domestic Relations title of the Pennsylvania Statutes.

7

contractual relationship between the parties. The statute is meant to ensure that those who cannot afford their own upkeep are provided with support of their immediate family. The purpose of the statute is similar to that of a child support obligation which requires both parents to provide for the support of a child, who is presumed to be unable to support herself. Thus, just like a proceeding for collection of a child support obligation, a proceeding under 23 Pa Cons Stat Ann § 4603 is not a proceeding for a debt collection covered by the FDCPA. See generally Adymy v Erie County Child Support Enforcement Unit, 2006 WL 1174322 [WDNY May 2, 2006]

All of the actions by defendant in communicating with Ms. Eades as well as bringing the Lawsuit against Ms. Eades were solely pursuant to the above-described Pennsylvania statutes. Defendant's acts were not done in an attempt to collect a "debt" as the term is defined under the FDCPA. Thus, defendant's conduct is not actionable under the FDCPA.

**B.** *Plaintiffs' Allegations Regarding Defendant's Filing of a Lawsuit against Plaintiff Mr. Pike Do Not Plead a Cause of Action for Violation of FDCPA*

The allegations in the Complaint relating to Mr. Pike state that the defendant violated various sections of FDCPA solely by the filing of the Lawsuit against Mr. Pike in Pennsylvania and do not allege any conversations with him. For the same reasons discussed above as to Ms. Eades, defendant's filing of the Lawsuit against Mr. Pike under the Pennsylvania statutes described above does not constitute an action for a collection of a debt and is thus does not fall within the limited purview of the FDCPA statute.

To the extent the additional lone cause of action for breach of contract asserted in the Lawsuit only against Mr. Pike is alleged to be as a claim for the recovery of a "debt"

as the term is defined by the FDCPA, Mr. Pike nonetheless has failed to allege how that cause of action in the Lawsuit violated any of the provisions of the FDCPA.

Mr. Pike claims the following sections of the Act were violated:

**15 U.S.C. § 1692e. False or misleading representations**

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *          *          *
>
> (2) The false representation of--
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> *          *          *
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> *          *          *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**15 USCA § 1692f Unfair Practices**

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

The only possible "representations" that were made would have been contained in the Lawsuit as plaintiffs do not allege any communications between Mr. Pike and

9

defendant. As discussed above, under the Pennsylvania statutes defendant was entitled under Pennsylvania law to maintain a lawsuit against plaintiffs for the payment of services provided by the Facility to Mrs. Pike. Similarly, defendants lawfully brought an action to enforce the Contract, since under the Contract (contained within Exhibit "B" to Tsiring Aff.), Mr. Pike was responsible for the payment of Facility's fees. Thus, plaintiffs fail to plead how defendant's actions in bringing the lawsuit were false, misleading or wrongful. In fact, in his Answer to the Complaint in the Lawsuit, Mr. Pike **admits** that he failed to use Mrs. Pike's resources to pay the Facility as he was obligated to do under the Contract (Exhibit "C" to Tsiring Aff.). Thus, defendant clearly had grounds to bring the Lawsuit against Mr. Pike and the filing of the Lawsuit to enforce provisions of the Contract cannot be the basis for violations of FDCPA.

Plaintiffs now for the first time in their proposed Amended Complaint claim that: (i) defendant falsely alleged that plaintiffs were recipients of wrongfully transferred funds and (ii) 23 Pa. C.S.A. § 4603 is preempted by Federal Law. Plaintiffs fail to cite any cases which hold that 23 Pa. C.S.A. § 4603 is preempted by Federal Law. Moreover, while these factual and legal conclusions may be defenses to the still pending Lawsuit, they have not been resolved in that litigation and thus cannot form a basis for plaintiffs' FDCPA claims. Notably, plaintiffs have not even asserted these as defenses to the still pending Lawsuit.

## POINT III

## THE COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS

Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P 12(b)(2), based on this Court's lack of personal jurisdiction because plaintiffs did not allege any facts that could even potentially support a finding of jurisdiction.

When served with a Rule 12(b)(2) motion to dismiss, plaintiffs bear the burden of establishing that the Court has jurisdiction over the defendant. DiStefano v. Carozzi North American Inc., 286 F.3d 81, 84 (2d Cir.2001); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir.1994). Plaintiffs' opposition does not contain any proof that would establish this Court's jurisdiction over defendant.

While plaintiffs are New York residents, the Complaint confirms that defendant is a Pennsylvania resident who lacks sufficient ties to New York to be subject to New York's long-arm jurisdiction. Plaintiffs' proposed amended complaint attempts to confer jurisdiction on this Court over defendant by alleging that defendant transacted business in New York because it: (i) sent a single letter to Ms. Eades and (ii) served a Summons and Complaint in a Pennsylvania lawsuit upon plaintiffs in New York. However, these embellishments contained in the proposed Amended Complaint are still insufficient to confer on this Court personal jurisdiction over defendant.

N.Y.C.P.L.R. § 302 (A), New York State's long arm statute governing the Court's jurisdiction over non-residents states:

> **As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:**

11

> **1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or**
>
> **2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or**
>
> **3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he**
>
> **(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or**
>
> **(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from the interstate or international commerce; or**
>
> **4. owns, uses or possesses any real property situated within the state.**

N.Y.C.P.L.R. § 302 (A)

The statute confers specific jurisdiction, meaning that the cause of action must arise out of defendants' state-connected activity.

Plaintiffs' opposition only addresses CPLR 302(a)(1) as the section conferring jurisdiction on this Court. However, as <u>Kreutter v McFadden Oil Corp.</u>, 71 NY2d 460, 467 [1988] decision cited by plaintiffs makes clear, CPLR 302(a)(1), authorizes the court to exercise jurisdiction over nondomiciliaries for **tort and contract claims** arising from a defendant's transaction of business in New York.

The basis of this action is defendant's alleged violation of the FDCPA. Plaintiffs' claims arise from a statutory violation and not any tortuous conduct on the part of defendant. Thus, plaintiffs failed to plead any acts that would confer jurisdiction on this Court over non-domiciliary defendants and the action must be dismissed on this ground alone.

Plaintiffs appear to rely on the unpublished decision in Fava v. RRI, Inc., 1997 WL 205336 (N.D.N.Y. 1997) for the proposition that this Court has jurisdiction over defendant. However, in Fava, defendant had an ongoing pattern of New York activity, having made **five** phone calls, and sent **three** written communications to the debtor's father in New York and continued to contact the father despite being informed that they had contacted the wrong individual.

In this matter, defendant is alleged to have only sent one communication to Eades and mailed a Pennsylvania State Court Summons and Complaint to both plaintiffs. Plaintiffs do not allege that defendant ever called either plaintiffs. These alleged communications are insufficient to establish jurisdiction.

In Hollis v Info Pro Tech., 33,606 (La App 2 Cir 2000), 764 So 2d 184, 186, the Court, discussing a similar Louisiana long arm statute which extends personal jurisdiction to the limits permitted under the due process clause of the Fourteenth Amendment, held that sending of two letters and services of process for a New Jersey action on plaintiff in Louisiana was insufficient to confer on the Court jurisdiction over a New Jersey defendant. The alleged basis for jurisdiction in this matter is identical to the jurisdictional basis discussed in Hollis. Wherefore, just like in Hollis, this Court should rule that defendant's alleged contact with New York is insufficient to establish personal jurisdiction over defendant.

## **CONCLUSION**

Based on the foregoing, it is respectfully requested that plaintiffs' request for leave to amend be denied, and the action dismissed in its entirety.

Dated: New York, New York
       May 3, 2013

                                            Yours etc.,

                                            MELITO & ADOLFSEN P.C.

By: _____
John H. Somoza, Esq. (JHS 1801)
Kira Tsiring, Esq. (KT 3436)
*Attorneys for Defendant*
*Kennedy P.C. Law Offices*
233 Broadway, Suite 1010
New York, NY 10279-0118
(212) 238-8900

99725/0344/392

14

## AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK  )

JANINA MATYS, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in KINGS COUNTY, NEW YORK.

That on 3rd day of May, 2013 deponent served the within **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** upon:

Seth J. Andrews, Esq.
THE LAW OFFICES OF KENNETH HILLER, PLLC
6000 North Bailey Ave., Suite 1A
Amhurst, New York 14226

*Attorneys for* Plaintiff in this action, at the above address designated by said *attorneys* for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
JANINA MATYS

Sworn to before me this
3rd day of May, 2013

_____
Notary Public

KIRA TSIRING
Notary Public, State of New York
No. 02TS6185561
Qualified in Kings County
Commission Expires April 21, 2016

99725/0344/392

i