UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JONI EADES,

                                        Plaintiff,

                                                                    DECISION AND ORDER

                                                                    12-CV-6680L

                        v.

KENNEDY, PC. LAW OFFICES,

                                        Defendant.
_____


      Plaintiff Joni Eades ("plaintiff") and Levere C. Pike, Jr. (now deceased) brought this action

against Kennedy, PC Law Offices, a debt collection firm, alleging claims of unfair debt collection

practices pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

Familiarity with the procedural history of the matter is presumed.

      After six years of litigation, following which a single claim remained, the parties settled

that claim by stipulation (the "Settlement") dated August 21, 2018.  (Dkt. #85-1).  Pursuant to

the Settlement, defendant agreed to pay Eades' costs and reasonable attorney's fees, as determined

by the Court.

      To that end, on September 28, 2018 (Dkt. #87), plaintiff moved for an award of attorney's

fees in the amount of $130,850.00, representing over 370 billable hours, plus $6,243.26 in

expenses.  Defendant opposes the motion, arguing that plaintiff's two sets of counsel engaged in

duplicative efforts, incurred unnecessary costs, and protracted the litigation by failing to file a

pleading which stated a viable cause of action until three-and-a-half years into the action, after the

majority of the attorney's fees that are now sought had already been incurred.  Defendants also

emphasize that the amount of attorney's fees requested is grossly disproportionate to the $13,500.00 settlement amount.[1]

In the Second Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir.1992). Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Grant*, 973 F.2d 96 at 99. The Court has broad discretion to determine whether the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both. *Hensley*, 461 U.S. 424 at 433; *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007). Application of the lodestar "creates a presumptively reasonable fee." *Goser v. Allied Interstate, LLC*, 2013 U.S. Dist. LEXIS 71097 at *2 (S.D.N.Y. 2013).

In determining the reasonable number of hours that the case required, the Court "should exclude from this initial fee calculation hours that were not 'reasonably expended' due to reasons such as overstaffing, unnecessarily contentious conduct, and unsuccessful claims." *Savino v. Computer Credit*, 71 F. Supp. 2d 173, 175 (E.D.N.Y. 1999). "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Reiter v. Metro Transp. Auth. of State of N.Y.*, 2007 U.S. Dist. LEXIS 710008 at *29 (S.D.N.Y. 2007) (quoting *Grant*, 973 F.2d 96 at 99). Rather than weighing the reasonableness of each individual time entry, the Court may exclude excessive and unreasonable

---

[1] The disproportionate results achieved do not, by themselves, justify any reduction in the attorneys' fees sought, as "the whole purpose of fee-shifting statutes [like the FDCPA] is to generate attorneys' fees that are disproportionate to the plaintiff's recovery." *Millea v. Metro-North R.R.*, 658 F.3d 154, 169 (2d Cir. 2011). *See also Koam Produce, Inc. v. DiMare Homestead, Inc.*, 329 F.3d 123 (2d Cir. 2003) ("we 'reject[] the notion that an award of attorneys' fees be proportional to the amount of damages recovered'") (quoting *Dunlap-McCuller v. Riese Org.*, 980 F.2d 153, 160 (2d Cir. 1992)).

hours from a fee request by making an across-the-board reduction in the amount of hours for which compensation is sought.  *See Kirsch v. Fleet St. Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

In considering the reasonableness of the market rate sought to be charged, the Court may consider the complexity and difficulty of the case, the expertise and capacity of counsel, the resources required to effectively prosecute the matter, the timing demands of the case, the attorney's interest in achieving the ends of the litigation, whether the attorney was acting *pro bono*, and other benefits expected by the attorney as a result of the representation.  *See Arbor Hill*, 522 F.3d 182 at 190.

On review of plaintiff's submissions and considering the procedural history of this case, it is manifest to the Court that the hours expended by counsel were significantly more extensive than necessary.  Plaintiff's counsel are experienced and well-versed in prosecuting debt collection cases in federal court, yet the overwhelming majority of the 370+ hours of billable time spent by counsel in this matter was directed toward the prosecution and/or appeal of claims that were insufficiently stated or untimely.   While the law in the Second Circuit is clear that a plaintiff may recover attorney's fees for "hours spent on unsuccessful claims . . . if the claims are inextricably intertwined and involve a common core of facts," such circumstances were not present here, where the successful claim related solely to defendant's having brought an action against plaintiffs in an improper venue, while the several unsuccessful claims related to specific debt collection practices by the defendant.  *Reiter,* 2007 U.S. Dist. LEXIS 71008 at *9 (S.D.N.Y. 2007) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (internal quotation marks omitted)). It was toward those unsuccessful claims that the majority of the discovery, motion practice and appellate practice in this matter were directed.

Submissions by counsel also testify to some duplication of effort by plaintiff's two law firms, including joint attendance at multiple conferences, parallel review of discovery, and attendance by multiple attorneys at court-ordered mediation, all of which disproportionately increased the number of attorney hours and costs requested herein.

I therefore find that the number of hours expended by counsel was excessive, as the bulk of the work performed in this matter was duplicative and/or misdirected toward meritless claims. As such, the hours for which compensation is sought should be reduced by no less than 50%, for a rough total of 187 hours. *See generally Barfield v. New York City Health and Hospital Corp.*, 537 F.3d 132 (2d Cir. 2008) (reducing attorney's fees by 50%).

In considering the reasonableness of the hourly rates requested, the Court has considered the affidavits submitted by plaintiff's counsel concerning their education, expertise, and experience, and has reviewed recent awards of attorney's fees in FDCPA matters in this district. Considering that this case initially involved just two plaintiffs (and now involves one) and was not unusually complex, the Court finds that a reasonable average rate for the partners who worked on this matter is $300/hour, and that the reasonable average rate for associates is $225/hour. *See e.g.*, *Godson v. Eltman, Eltman & Cooper, P.C.*, 2018 U.S. Dist. LEXIS 182034 at *46-*49 (W.D.N.Y. 2018) (granting attorney's fees in an FDCPA matter of $350-$375/hour for partners and $300/hour for associates in a class action presenting "unique" issues, but noting that "review of recent FDCPA cases decided in this District suggests that a reasonable hourly rate for attorneys' fees ranges from about $200 to $300 per hour"). *See also Warman v. Law Office of Daniel M. Slane*, 2017 U.S. Dist. LEXIS 36053 at *9-*11 (W.D.N.Y. 2017) (declining counsel's request for $300/hour in a FDCPA case as excessive, and determining that rates of $200-$275/hour for experienced counsel are reasonable); *Scott v. Niagara Credit Solutions, Inc.*, 2012 U.S. Dist. LEXIS 29897 at *7

(W.D.N.Y. 2012) (noting in 2012 that "recent cases in this District set reasonable attorney rates in debt collection cases at $215 per hour for partners [and] $180 per hour for associates").

Taking all of the relevant factors into account, I therefore find that plaintiff's counsel is entitled to attorney's fees and costs in the amount of $56,437.01, to be paid to plaintiff's two law firms as set forth below.

Plaintiff's request for a supplemental award for the time spent responding to defendant's opposition to the instant motion is denied.

## CONCLUSION

Plaintiff's motion for attorney's fees (Dkt. #87) is granted, and plaintiff is hereby awarded the sum of $50,193.75 in attorney's fees, and $6,243.26 in costs. The award is to be made payable to plaintiff's counsel, as follows: (1) to the Bromberg Law Office, P.C.: $33,633.75 in attorney's fees ($300/hour for 85.3 partner hours, and $225/hour for 35.75 associate hours) and $1,700.61 in costs, for a total of $35,334.36; and (2) to the Law Offices of Kenneth Hiller, PLLC: $16,560.00 in attorney's fees ($300/hour for 21.75 partner hours and $225/hour for 44.6 associate hours) and $4,542.65 in costs, for a total of $21,102.65.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 7, 2018.